IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GOLDEN RULE INSURANCE CO., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 06-0173-CV-W-ODS |
| RON L. CULBERTSON, | ) ) ) | |
| Defendant. | ) | |

ORDER AND OPINION DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

Plaintiff issued Defendant a health insurance policy effective March 1, 2004. Plaintiff subsequently learned Defendant misstated certain information in the application and now seeks (1) rescission of the policy and (2) a declaration that it is not obligated to pay claims Defendant has already submitted. Plaintiff alleges the Court has jurisdiction based on diversity of citizenship; Defendant concedes the parties are citizens of different states but argues jurisdiction is lacking because the controversy does not involve more than $75,000.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977). Defendant initially focused on the total amount of his medical bills and the amount of those bills Plaintiff is obligated to pay, both of which are sums less than $75,000. While this might be an appropriate measure of damages for Count II (the count seeking a declaration Plaintiff need not pay Defendant's claims to date), it is not an appropriate measure for Count I. From Plaintiff's perspective, the value of the object of Count I – complete rescission of the insurance contract – is the lifetime benefit of the policy, or $3 million. Thus, the Court has jurisdiction.

In his Reply Suggestions, Defendant attempts a new tact: he offers his affidavit establishing that he will voluntarily limit Plaintiff's claim exposure to $74,999. This, he contends, reduces the monetary value of Count I to less than $75,000. Defendant's

effort is creative, but unavailing.  As Plaintiff points out,[1] the amount in controversy is to be evaluated at the time the case is filed in or removed to federal court.  Events subsequent to that point in time cannot diminish the amount in controversy.  See, e.g., James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 834-35 (8th Cir. 2005); Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).  Judged at the time the case was filed, the Court cannot say to a legal certainty that $75,000 or less was at stake.  Therefore, the requirement has been satisfied and jurisdiction is present.

IT IS SO ORDERED.

DATE: July 28, 2006

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Because this argument was presented for the first time in Defendant's Reply Suggestions, justice requires the Court to grant Plaintiff's Motion for Leave to File a Sur-Reply (Doc. # 15), and the Sur-Reply attached as an exhibit to the motion shall be deemed to have been filed and has been considered by the Court.

2